
FILED
2011 Nov-17 PM 02:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **UTILITIES BOARD OF THE CITY OF SYLACAUGA**, a municipal corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )  CASE NO.: 1:11-CV-03192-RBP |
| **EASTERN ALABAMA RAILWAY, LLC**, a limited liability company, et al., | ) ) ) ) |
| Defendant. | ) |

### MEMORANDUM OPINION

This cause is before the court on plaintiff Utilities Board of the City of Sylacauga's ("Utilities Board") Motion to Remand its condemnation action against Eastern Alabama Railway, LLC ("Eastern Alabama") filed on October 3, 2011.

### FACTS AND PROCEDURAL HISTORY

Utilities Board filed a Complaint for Condemnation in the Probate Court of Talladega County, Alabama, on September 2, 2011, claiming an interest in certain land owned by Eastern Alabama in Talladega County and a right to condemn the property pursuant to Ala. Code § 11-50-314(11) (1975). Eastern Railway is engaged in Alabama in the business of interstate rail transportation services. The purpose for condemnation was described in the Complaint as follows:

> ARTICLE THIRD:   That the uses and purposes for which the said land, rights and interests hereinafter described are to be condemned and taken are in connection with the construction, operation and maintenance of subterranean water and sewer pipes, lines; facilities and other appliances necessary and convenient in

connection therewith, and plaintiff therefore seeks to acquire ways and rights-of-way of 20 feet in width on, across, under and over the land as hereinafter described in Parcel 1 and Parcel 2 of Article Fourth hereof, and the right to construct and erect on, across, under and over said land such subterranean water and sewer pipes, lines and facilities, and all appliances necessary, convenient and useful in connection therewith for such purposes, together with all the rights conferred by law and all that are necessary, useful and convenient to the enjoymen of said rights, ways and rights-of-way for such uses and purposes.

The property described in Parcels 1 and 2 of Article Fourth, or a portion thereof or interest therein, has previously been subjected to a public use. Plaintiff alleges that there is an actual necessity that the lands described in Parcel 1 and 2 of Article Fourth be condemned for the purposes described herein, and Plaintiff further alleges that the uses and purposes to which such lands are sought to be condemned will not materially interfere with the public use to which such lands have previously been devoted.

Eastern Alabama filed a Notice of Removal on September 2, 2011 pursuant to 28 U.S.C. § 1441(b) based on federal question jurisdiction under 28 U.S.C. § 1331. It argues the action is completely preempted by the Interstate Commerce Commission Termination Act of 1995 ("ICCTA"), 42 U.S.C. § 10101 *et seq*. Eastern Alabama then filed an answer on September 8, 2011 which included affirmative defenses and a counterclaim for declaratory and injunctive relief. Utilities Board filed an Objection and Answer to Eastern Alabama's Counterclaim on September 29, 2011 and a Motion to Remand the action on October 3, 2011, arguing that this court lacks subject-matter jurisdiction over this action because the action is not preempted by federal law, and that Eastern Alabama's removal was procedurally defective because it did not obtain the consent to removal of all defendants.

## SUMMARY OF THE ARGUMENTS[1]

### PLAINTIFF

---

[1] This court has not included all arguments and citations of the parties addressed in briefs, proposed orders, proposed opinions, etc.

First, Utilities Board argues that the particular condemnation action it seeks against Eastern Alabama is not preempted by federal law. It argues that the United States Supreme Court has only held three statutes to transform state law claims into federal claims based on the doctrine of complete preemption and that the ICCTA is not one of them. Eastern Alabama, it claims, relies on a "fundamental misunderstanding of the difference between *complete* preemption, which is sufficient for removal jurisdiction, and *ordinary*, or defensive preemption, which cannot confer federal subject-matter jurisdiction." Eastern Alabama has only explained how the courts and the Surface Transportation Board ("STB"), the agency responsible for enforcing the ICCTA, have analyzed ordinary preemption issues under categorical preemption and as applied preemption, but has not extended its analysis to complete preemption.

The preemption provision contained in the ICCTA is "not nearly as sweeping as [Eastern Alabama] suggests." Moreover, the mere presence of a preemption provision in a statute does not automatically entail preemption (citing *Island Park, LLC v. CSX Transportation*, 559 F.3d 96, 101 (2nd Cir. 2009). The ICCTA's preemption provision extends only "to the regulation of rail transportation, not to all things incidentally related to railroads," (citing 49 U.S.C. § 10501(b)). ("Except as otherwise provided in this part, the remedies provided under this part with respect to regulation of rail transportation are exclusive and preempt the remedies provided under Federal or State law.") (Emphasis added)). Specifically, the ICCTA does not preempt a claim unless it *interferes* with the railroad's operations." (emphasis in original) (citing *Island Park*, 559 F.3d at 104). According to Utilities Board, courts and the STB have determined that underground sewer crossings such as the one it seeks to install on Eastern Alabama's land do not interfere with railroad operations. (citing STB Order, *Lincoln Lumber Co.*, 2007 WL 2299735, at *2 (Aug. 10,

3

2007).

### DEFENDANT

Eastern Alabama argues that the ICCTA, which abolished the Interstate Commerce Commission and replaced it with the STB, extended exclusive federal jurisdiction to matters relating to rail transportation which had formerly been reserved for State jurisdiction, (citing 49 U.S.C. § 1050(b)). Eastern Alabama asserts that its use of the property in question constitutes "rail transportation" within the meaning of the ICCTA's preemption provision. Moreover, "the preemptive effect of the ICCTA is broad and sweeping," (citing *CSX Transp. Inc. v. Georgia Pub. Serv. Comm'n*, 944 F. Supp. 1573, 1581-84 (N.D. Ga. 1996). Both the express terms of the ICCTA and decisions by several courts and the STB indicate that Congress intended the ICCTA to preempt state law specifically in the case of condemnation.

Furthermore, Eastern Alabama argues that Utilities Board's proposed condemnation *will* interfere with railroad operations:

> Here, the property sought to be condemned by the Utilities Board is necessary to the operation and maintenance of active mainline tracks along the Eastern Alabama Railway which is used for freight services between Sylacauga, Alabama and Talladega, Alabama. The taking of this property would impair and inhibit the ability of Eastern Alabama to utilize the property for current and future railroad operations and maintenance or potential expansions or enhancement to the Eastern Alabama Railway. After the taking, the presence of the water and sewer pipes "**on**, **across**, under, and **over**" (*see* Complaint for Condemnation) the mainline tracks would pose serious operating, safety and maintenance concerns.

Eastern Alabama states that, "[t]he Utilities Board's argument misapprehends the scope of the doctrine of primary jurisdiction which does not divest a federal court of original subject matter jurisdiction or removal jurisdiction over matters governed by the ICCTA." Eastern Alabama is seeking in its counterclaim an order from this court "(1)declaring that the [STB] has

4

exclusive jurisdiction to decide whether the Utilities Board may condemn the railroad property at issue, and (2) enjoining the Utilities Board from proceeding in an Alabama state court to condemn the property at issue..." There is no resulting inconsistency between the relief sought in this court and the jurisdiction of the STB.

Eastern Alabama argues that the tax collector was either a nominal party or was fraudulently joined because she does not have an interest in the property that the Utilities Board is seeking to condemn.

## MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction. *See Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). Therefore, federal courts have power to hear only those cases that they have been authorized to hear by the Constitution or by Congress. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The limited nature of federal court jurisdiction has caused the Eleventh Circuit to favor remand of removed cases where federal jurisdiction is not absolutely clear. *Russell Corp.*, 264 F.3d at 1050. The removal statute is to be construed narrowly with doubt construed against removal. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941); *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999).

A case may be removed to federal court only if the case could have been brought originally in federal court pursuant to the court's diversity or federal question jurisdiction. *See* 28 U.S.C. § 1441(a). The determination of whether federal jurisdiction exists must be made on the face of the plaintiff's well-pleaded complaint. *Pacheco De Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). An anticipated or even inevitable federal defense generally will not

support removal. *Id*. at 1373 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93 (1987)). The burden of establishing federal jurisdiction is placed on the defendant, with all doubts resolved in favor of remand, *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

## CONCLUSION

The court has considered the briefs, etc. filed by the parties and conducted a recorded telephone conference on November 16, 2011. This court is persuaded by Judge Proctor's cited order. The court will refer issues to the Surface Transportation Board. The court will stay further consideration of the remand motion until the STB has either rendered a declaration or declined the reference.

This the 17th day of November, 2011.

_____
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE